SHORT RECORD
No. 25-1090
Filed: 01/21/2025

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

No. _____

_____

## IN RE BILLIE JEROME ALLEN,

### Petitioner,

## UNITED STATES OF AMERICA, UNITED STATES DISTRICT JUDGE JAMES R. SWEENEY,

### Respondents.

_____

## PETITION FOR WRIT OF MANDAMUS

Petitioner Billie Allen, a federal prisoner seeking habeas corpus relief, seeks a writ of mandamus to compel the District Court to make a final decision on his Motion to Alter or Amend Judgement that has been pending awaiting decision for over a year. As the District Court has not ruled despite Mr. Allen's request that the matter be decided, he respectfully seeks this Court's intervention.

### ISSUE PRESENTED

Has the District Court unreasonably delayed deciding the matter before it, and should it be compelled to do so?

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

**A.      Indictment, Trial and Appellate Proceedings**

On March 17, 1997, two masked gunmen entered the Lindell Bank on Clayton Avenue in St. Louis.  The gunmen shot and killed Richard Heflin, the bank security guard, when he drew his sidearm.

Mr. Allen was indicted on two charges in the United States District Court for the Eastern District of Missouri.  Count I charged Mr. Allen with killing the guard in the course of committing an armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (e), and Count II charged the use a firearm to commit a crime of violence resulting in the guard's murder, in violation of 18 U.S.C. § 924(j)(1).  The indictment did not allege any aggravating circumstance and, thus, did not charge a capital offense.  Nevertheless, the Government filed a notice of intent to seek the death penalty.

A death qualified jury convicted Mr. Allen on both counts.  At the penalty hearing, the jury found identical aggravating and mitigating circumstances on the two counts, but returned a sentence of life imprisonment on Count I and death on Count II.  The district court formally sentenced Mr. Allen on June 4, 1998.

On appeal, the Eighth Circuit affirmed.  *United States v. Allen*, 247 F.3d 741, 795 (8th Cir. 2001).  The Supreme Court granted certiorari, vacated the Eighth

Circuit's decision, and remanded for reconsideration in light of *Ring v. Arizona*, 536 U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002).

On remand, a panel of the Eighth Circuit vacated the death sentence, finding that the indictment's failure to charge a statutory aggravating factor violated Mr. Allen's Fifth Amendment right to indictment by a grand jury, and that the error was not harmless beyond a reasonable doubt. *United States v. Allen*, 357 F.3d 745, 747 (8th Cir. 2004). The en banc Eighth Circuit reversed, finding that the error was harmless, and reinstated Mr. Allen's death sentence. *United States v. Allen*, 406 F.3d 940, 942, 949 (8th Cir. 2005) (en banc). Certiorari was denied. *United States v. Allen*, 549 U.S. 1095 (2006). Mr. Allen subsequently sought relief pursuant to 28 U.S.C. § 2255, but relief was denied. *United States v. Allen*, 829 F.3d 965 (8th Cir. 2016).

In December 2024, President Biden commuted Mr. Allen's death sentence to one of life imprisonment without parole.

**B.    Mr. Allen Seeks Relief Under 28 U.S.C. § 2241**

In August 2020, Mr. Allen filed a Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. §2241 in the Southern District of Indiana. Dkt. No. 2:20-cv-00406-JRS-MJD, Doc. 1. The case was assigned to Judge Janes Sweeney. On August 6, 2020, the District Court granted Petitioner's motion to proceed in forma pauperis. Doc.6. On October 15, 2020, the District Court appointed counsel from the Federal

Community Defender Office for the Eastern District of Pennsylvania to represent him. Doc. 10.

As explained in his habeas petition, Doc. 1, and reply in support, Doc. 20, Mr. Allen claimed that his conviction and death sentence are unconstitutional in violation of the Fifth Amendment, because he was never indicted by the grand jury for the crime of capital murder. *See* Doc. 20 at 3-5. Although the Eighth Circuit, on direct appeal, found constitutional error, its application of a harmless error analysis was likewise constitutional error because it violated the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 215 (1960), that such error is structural and not subject to harmless error.

In addition, the Eighth Circuit's ruling interjected yet another layer of constitutional error in that it constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so. Doc 20 at 6-9. *See Ex Parte Bain,* 121 U.S. 1, 10 (1887) ("If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance" of the grand jury right would be "almost destroyed."). The harmless error analysis effectively waived Mr. Allen's right to indictment on a capital charge, in violation of *Smith* and F. R. Crim. P. 7. *Smith v. United States* 360 U.S. 1, 9-10 (1959).

Petitioner further argued that the trial court had no jurisdiction to try him on a capital offense because the indictment had not charged him with a capital crime. Doc. 20 at 9-10. Because counsel was forced to defend against a capital charge that had never been charged, and to make strategic decisions knowing that those decisions would impact a potential capital sentencing proceeding, the constitutional error substantially impacted both phases of the trial. He asserted, *inter alia*, that the District Court had jurisdiction to decide this habeas because 28 U.S.C. § 2241 is an appropriate mechanism to challenge the jurisdiction of the trial court to convict and sentence him in a capital case where the indictment did not present a capital charge. Doc. 20 at 13. Moreover, given the unique circumstances of this case, including the Eighth Circuit's unprecedented constructive amendment of the indictment through the application of a harmless error test on direct appeal, and Eighth Circuit law precluding any challenge to that ruling, Petitioner satisfied the savings clause of § 2255. Doc. 20 at 12-13.

Substantive briefing was completed in January 2021.

**C.    Proceedings Following *Jones v. Hendrix* and the Failure to Decide**

On August 25, 2023, the District Court, relying on the Supreme Court's then-recent decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), dismissed Mr. Allen's habeas petition for lack of jurisdiction and entered final judgment. Petitioner filed a Motion to Vacate Judgment, pursuant to F. R. Civ. P. 59, in which he requested leave

to provide further briefing on the applicability of *Jones* to the unique facts of this case.  On September 7, 2023, the District Court issued an Order granting the request for further briefing and setting a briefing schedule.

On October 10, 2023, Petitioner filed a memorandum arguing that *Jones* did not divest the court of jurisdiction to hear his habeas petition.  He argued that, in *Jones,* the Supreme Court defined its holding thus: "we hold that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."  *Jones*, 143 S. Ct. at 1864.  This relatively narrow holding does not address, let alone dictate, the issues raised in this case.

Petitioner argued that the District Court had jurisdiction to hear his case.  Although Congress intended that most collateral attacks be brought under § 2255, Congress enacted a savings clause that allowed some collateral attacks to be brought under § 2241, where the remedy under § 2255 was "inadequate or ineffective" to test the legality of a federal prisoner's detention.

The *Jones* Court explained that "[t]raditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court."  143 S. Ct. at 1866.  "After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where

6

unusual circumstances make it impossible or impracticable to seek relief in the sentencing." *Id*. at 1868.

Because Congress exercised its authority to exclude non-constitutional statutory claims from being the subject of a second or successive § 2255 motion, Jones's non-constitutional claims, though barred by § 2255, did not meet the savings clause. *Id.* at 1869. Mr. Allen's case is different. Mr. Allen presents claims challenging the jurisdiction of the trial court and the constitutional error committed by the appellate court on direct appeal. These are highly unusual circumstances in which recourse to the sentencing court is precluded because the sentencing court had no jurisdiction to try Mr. Allen on a capital offense and because the appellate court's constitutional error could not have been remedied in the initial § 2255 proceeding.

Habeas has long been available to prisoners seeking to challenge the jurisdiction of the court in which they were tried and sentenced. "A habeas court could grant relief if the court of conviction lacked jurisdiction over the defendant or his offense." *Brown v. Davenport*, 142 S. Ct 1510, 1522 (2022). *See Ex Parte Siebold,* 100 U.S. 371 (1880) (habeas relief is available to challenge whether the convicting court had jurisdiction over the person or the cause). In this case, Mr. Allen has used the traditional process of habeas corpus to challenge the jurisdiction of the convicting court and to raise the independent constitutional error committed by the Eighth Circuit on direct appeal. There is nothing in § 2255 that evidences

7

Congress' intent to extinguish that traditional challenge. And *Jones* did not create any new barriers that Congress did not enact.

The government did not file a timely response to Petitioner's supplemental briefing, and the District Court did not make a final ruling on Petitioner's Rule 59 motion, as supported by the supplemental brief. Instead, seven months later, on April 24, 2024, the government filed a motion for a nunc pro tunc extension of time, which Petitioner opposed. Docs. 32, 33. Without awaiting a ruling, the government filed a memorandum on May 24, 2024. Doc. 35. Petitioner filed a reply on June 18, 2024. Doc. 37.

The District Court has never ruled upon the government's untimely extension motion, filed almost nine months ago, nor has it made a final ruling on Petitioner's Rule 59 motion, filed and supplemented more than a year ago.

On August 6, 2024, Petitioner filed a motion asking the District Court to promptly decide the pending motions. Doc. 38. The government did not respond to this motion. Nor did the District Court. No action has been taken, and Petitioner's case remains pending in the District Court, awaiting a decision.

**ARGUMENT**

**I.     MANDAMUS IS WARRANTED**

The All Writs Act codifies the law on mandamus. 28 U.S.C. § 1651(a). In *United States v. Henderson*, 915 F.3d 1127 (7th Cir. 2019), this Court explained that

mandamus is an extraordinary remedy for which a petitioner must show that: 1) there is no other adequate remedy; 2) petitioner's right to relief is clear and indisputable; and 3) the writ is appropriate. *Id.* at 1132-33. Mandamus can issue "to compel [a court] to exercise its authority when it is its duty to do so." *Oswald v. McGarr*, 620 F.2d 1190, 1195 (7th Cir. 1980) (citing *Will v. United States*, 389 U.S. 90 (1967)).

An appellate court may issue a writ of mandamus as part of its advisory or supervisory authority over the district courts. *J.H. Cohn and Co v. American Apparel Associates, Inc.*, 628 F.2d 994, 997 (7th Cir. 1980). Mandamus may lie on the ground that undue delay is tantamount to a failure to exercise jurisdiction. *Maddon v. Myers*, 102 F.3d 74, 79 (3d Cir. 2017), *suspended on other grounds by local rule*; *McClellan v. Young*, 421 F.2d 690 (6th Cir. 1970). *See In re Souels*, 683 Fed App'x 184, 135 (3d Cir. 2017) (6-month delay in deciding § 2255 petition not sufficient to justify mandamus but is a matter of concern).

In this case, Petitiner's Rule 59 has been pending for more than seventeen months. To date, there has been no decision on any of the pending motions.

The circumstances here justify mandamus. The District Court's inordinate delay should not be allowed to preclude Petitioner from seeking to have his claims decided by this Court. Nor has President Biden's sentence commutation rendered the case moot. While Petitioner may no longer be subject to a death sentence, he maintains his argument that his conviction was unconstitutionally obtained by a

court without jurisdiction and that the constructive amendment of the indictment substantially impacted his trial and conviction.

Alternatively, this Court should treat the district court's failure to rule as a constructive denial of the Rule 59 motion and allow Petitioner to appeal the District Court's decision dismissing his habeas corpus petition. The United States Court of Appeals for the Seventh Circuit, Practitioner's Handbook for Appeals, at 54, 58 (2020 ed.), https://www.ca7.uscourts.gov/rules-procedures/Handbook.pdf, states that under 28 U.S.C. § 1292(a)(1), a cognizable interlocutory appeal may be filed for the 'postponement of a ruling' when "it is so protracted that it has the practical effect of a denial; in that event the motion is deemed constructively denied and an immediate appeal is allowed." (citing *U.S. v. Board of School Commissioners*, 128 F3d 507, 509 (7th Cir. 1997)). While that rule is generally reserved for issues involving injunctions, a similar path should be allowed here where a habeas petitioner is left in limbo waiting for a decision that a judge refuses to make.

WHEREFORE, Petitioner respectfully asks this Court to grant him a writ of mandamus.

Respectfully submitted,

/s/ *Stuart Lev*

Stuart Lev
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Stuart_Lev@fd.org

Dated:      January 21, 2025

## CERTIFICATE OF SERVICE

I, Stuart Lev, hereby certify that on this 21st day of January, 2025, I served a copy of the foregoing by first class mail upon the District Court and government counsel:


Hon. James R. Sweeney
United States District Court Judge
Southern District of Indiana
United States Courthouse
921 Ohio St.
Terre Haute, IN.  47807

Brian Reitz
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

Jason Dunkel
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, MO 63102


_s/ Stuart Lev_
Stuart Lev

# U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00406-JRS-MJD

ALLEN v. WARDEN
Assigned to: Judge James R. Sweeney II
Referred to: Magistrate Judge Mark J. Dinsmore
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 08/04/2020
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

Discovery Deadline:
Dispositive Motion Deadline:

Settlement Conference:
Final Pretrial Conference:
Trial Date:

**Petitioner**

**BILLIE JEROME ALLEN**                    represented by **Eric John Montroy**
FEDERAL COMMUNITY DEFENDER
OFFICE
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: eric_montroy@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Patrick Kane**
FEDERAL COMMUNITY DEFENDER
OFFICE
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: timothy_kane@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**WARDEN**                    represented by **Brian L. Reitz**
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

**ALLEN v. WARDEN (2:20-cv-00406-JRS-MJD)**

Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jason Dunkel**
DOJ-USAO
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
314-539-2200
Email: jason.dunkel@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2020 | 1 | PETITION for Writ of Habeas Corpus, filed by BILLIE JEROME ALLEN. (No fee paid with this filing) (Attachments: # 1 Exhibit, # 2 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 2 | MOTION for Leave to Proceed in forma pauperis, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 3 | MOTION to Appoint Counsel, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 4 | Order Directing Opening of a New Action - ORIGINALLY DOCKETED IN 2:13-CV-271-JMS-MJD. Signed by Judge Jane Magnus-Stinson on 8/4/2020.(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRB) (Entered: 08/04/2020) |
| 08/06/2020 | 6 | Order Granting Motion for Leave to Proceed In Forma Pauperis - Petitioner Billie Jerome Allen's motion for leave to proceed in forma pauperis, dkt. 2 , is granted. The $5.00 filing fee for this action is waived. Copy to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/6/2020. (KAA) (Entered: 08/06/2020) |
| 08/10/2020 | 7 | Order Directing Petitioner to Show Cause - Mr. Allen does not appear to have sought or obtained certification from the Seventh Circuit to file this § 2241 petition. Accordingly, he shall have through September 14, 2020, to show cause why his current petition should not be dismissed for lack of jurisdiction. Copy to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/10/2020.(KAA) (Entered: 08/11/2020) |
| 08/28/2020 | 8 | RESPONSE re 7 Order to Show Cause, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(AAS) Modified on 8/28/2020 (AAS). (Main Document 8 replaced on 8/28/2020) (AAS). (Entered: 08/28/2020) |
| 09/29/2020 | 9 | MOTION for Leave to Amend/Correct 8 Response to Order to Show Cause, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Exhibit, # 2 Envelope) (AAS) (Entered: 09/29/2020) |
| 10/15/2020 | 10 | Order Granting Motion to Appoint Counsel and Directing Respondent to Show Cause - This case would benefit from the appointment of counsel and further briefing. Accordingly, Mr. Allen's motion for appointment of counsel, dkt. 3 , is granted. Attorneys Eric John Montroy and Timothy Patrick Kane represent Mr. Allen in another § 2241 action. Mr. Montroy and Mr. Kane are appointed to represent Mr. Allen in this action. Mr. Montroy... |

| | | |
|---|---|---|
| | | to submit motions to appear pro hac vice or file appearances, as necessary. The normal administrative fee for processing any pro hac vice motions is waived. The respondent shall have through November 19, 2020, to answer the allegations of the petition and show cause why relief should not be granted. Mr. Allen shall have through December 17, 2020, to file a reply. Mr. Allen's motion for leave to amend, dkt. 9 , is denied. Copy to Petitioner vis US Mail. Signed by Judge James R. Sweeney II on 10/15/2020.(KAA) (Entered: 10/15/2020) |
| 10/26/2020 | 11 | MOTION for Attorney(s) Timothy Kane to Appear pro hac vice *on behalf of Petitioner Billie Jerome Allen* (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 10/26/2020) |
| 10/26/2020 | 12 | MOTION for Attorney(s) Eric Montroy to Appear pro hac vice (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Montroy, Eric) (Entered: 10/26/2020) |
| 11/03/2020 | 13 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondent WARDEN. (Reitz, Brian) (Entered: 11/03/2020) |
| 11/09/2020 | 14 | MOTION for Extension of Time to February 17, 2021 *to respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Reitz, Brian) (Entered: 11/09/2020) |
| 11/19/2020 | 15 | RETURN TO ORDER TO SHOW CAUSE, re 10 Order to Show CauseTerminate Motions, filed by WARDEN.. (Reitz, Brian) (Entered: 11/19/2020) |
| 11/20/2020 | 16 | ORDER granting 11 Motion to Appear pro hac vice. Timothy Kane to appear and participate pro hac vice as counsel for Petitioner. Signed by Magistrate Judge Mark J. Dinsmore on 11/20/2020. (KAA) (Entered: 11/23/2020) |
| 11/20/2020 | 17 | ORDER granting 12 Motion to Appear pro hac vice. Eric Montroy to appear and participate pro hac vice as counsel for Petitioner in the above-captioned cause only. Signed by Magistrate Judge Mark J. Dinsmore on 11/20/2020. (KAA) (Entered: 11/23/2020) |
| 12/04/2020 | 18 | Unopposed MOTION for Extension of Time to January 8, 2021 *to file Reply to Warden's Response*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 12/04/2020) |
| 12/15/2020 | 19 | Order Granting Motion for Extension of Time to File Reply - The petitioner's motion for extension of time to file a reply, dkt. 18 , is granted. The respondent's motion for extension of time to file a response, dkt. 14 , is denied as moot. Signed by Judge James R. Sweeney II on 12/15/2020. (JRB) (Entered: 12/15/2020) |
| 01/08/2021 | 20 | Reply re 15 Return to Order to Show Cause, filed by BILLIE JEROME ALLEN.. (Kane, Timothy) (Entered: 01/08/2021) |
| 10/12/2021 | 21 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 10/12/2021) |
| 12/21/2021 | 22 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 12/21/2021) |
| 05/27/2022 | 23 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 05/27/2022) |

| 08/25/2023 | 24 | Order Dismissing Habeas Corpus Action for Lack of Jurisdiction - Mr. Allen's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Final judgment shall now issue. Copy sent to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/25/2023.(JRB) (Entered: 08/25/2023) |
|---|---|---|
| 08/25/2023 | 25 | Final Judgment - The Court now enters final judgment. The petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Copy sent to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/25/2023.(JRB) (Entered: 08/25/2023) |
| 09/01/2023 | 26 | MOTION to Amend/Correct 25 Closed Judgment *AND CONSOLIDATED MEMORANDUM IN SUPPORT*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 09/01/2023) |
| 09/07/2023 | 27 | ORDER granting 26 Motion for Supplemental Briefing Schedule - Mr. Allen shall have 35 days from the entry of this Order on the docket to file a supplemental brief in support of his motion to alter or amend judgment. Respondent shall then have 35 days to file a response. Mr. Allen shall have 21 days to file any reply. Copy sent to Plaintiff via US Mail. Signed by Judge James R. Sweeney II on 9/7/2023. (JRB) (Entered: 09/07/2023) |
| 10/10/2023 | 28 | BRIEF/MEMORANDUM in Support *ADDRESSING THE APPLICABILITY OF JONES v. HENDRIX, 143 S. CT. 1857 (2023)*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 10/10/2023) |
| 04/24/2024 | 31 | MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 04/24/2024) |
| 04/24/2024 | 32 | MOTION for Extension of Time to May 24, 2024 in which to 28 Brief/Memorandum in Support, 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION* , filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Reitz, Brian) (Entered: 04/24/2024) |
| 04/29/2024 | 33 | RESPONSE in Opposition re 32 MOTION for Extension of Time to May 24, 2024 in which to 28 Brief/Memorandum in Support, 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AN* , filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 04/29/2024) |
| 05/03/2024 | 34 | NOTICE of Appearance by Jason Dunkel on behalf of Respondent WARDEN. (Dunkel, Jason) (Entered: 05/03/2024) |
| 05/24/2024 | 35 | RESPONSE , re 28 Brief/Memorandum in Support, filed by Respondent WARDEN. (Dunkel, Jason) (Entered: 05/24/2024) |
| 05/24/2024 | 36 | RESPONSE in Opposition re 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION* , filed by Respondent WARDEN. (Dunkel, Jason) (Entered: 05/24/2024) |
| 06/18/2024 | 37 | BRIEF/MEMORANDUM in Support *Reply to Government's Response to Petitioner's Memorandum Addressing the Applicability of Jones v. Hendrix, 143 S.Ct. 1857* |

| | | | |
|---|---|---|---|
| | | | *(2023)*, re <u>35</u> Response, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 06/18/2024) |
| 08/06/2024 | | <u>38</u> | MOTION *for Prompt Resolution of Pending Matters*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 08/06/2024) |